UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT YAKSETIC,

  Plaintiff,                                      CASE NO.:

v.

CAPITAL ONE and ARS NATIONAL
SERVICES, INC.,

  Defendant.

_____/

**COMPLAINT**

1. Capital One "robo-called" him more than 300 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

2. ARS National Services, Inc. attempted to collect a debt owed by the Plaintiff's deceased mother from the Plaintiff in violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**INTRODUCTION**

3. "Robocalls" are the #1 consumer complaint in America today.

4. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop call. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov.

1

2014). Since this report the number of complaints have increased. Robocalls are very inexpensive to make.  As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

6. The TCPA was enacted to prevent companies like Capital One and ARS National Services, Inc. from invading American citizens' privacy and prevent illegal robocalls.

7. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745, 181 L.Ed.2d 881 (2012).

8. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991) Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osario v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

9. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

10. The alleged violations described in the Complaint occurred while Plaintiff was in Florida.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person.

12. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8) and 15 U.S.C. § 1692(a)(3).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

15. Capital One is a corporate entity registered in Virginia, responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

16. ARS National Services, Inc. is a corporate entity registered in California, responsible for attempting to collect a consumer debt from Plaintiff and is transacting business in the State of Florida.

17. Capital One employed the services of ARS National Services, Inc. to collect the debt referred to in this Complaint.

18. Capital One shares in the money that ARS National Services, Inc. collects such as the debt at issue in this case.

19. Capital One has control over the debt collection activities of ARS National Services, Inc. that are at issue in this case.

20. Capital One is provided a report from ARS National Services, Inc. concerning the debts they collect.

21. ARS National Services, Inc. is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C § 1692(a)(7).

22. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and 15 U.S.C § 1692(a)(5).

23. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (***) ***-3305.

24. Plaintiff was the "called party" during each phone call subject to this lawsuit.

25. Capital One intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

26. Capital One attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

27. Capital One illegally attempted to collect a debt from the Plaintiff that Capital One knew the Plaintiff did not owe.

28. ARS National Services, Inc. illegally attempted to collect a debt from the Plaintiff that ARS National Services, Inc. knew the Plaintiff did not owe.

29. ARS National Services' attempts to collect this debt violate the FDCPA by, among other things, suggesting that Plaintiff is responsible for paying the debt when he or she is not, and revealing, to a party other than the consumer, "that the consumer owes any debt."

30. Defendants attempted to collect this debt from Plaintiff when the Plaintiff was not, in fact, the representative of decedent's estate and had never held himself out to be such.

31. ARS National Services, Inc. sent at least one Debt Collection letter (attached hereto as Exhibit "A") to the Plaintiff's home addressed to "Frances B Yaksetic."

32. Capital One made at least one call to (***) ***-3305 using an "automatic telephone dialing system" (ATDS).

33. Capital One made at least one hundred (100) calls to (***) ***-3305 using an ATDS.

34. Capital One made at least three hundred (300) calls to (***) ***-3305 using an ATDS.

35. Each call Capital One made to (***) ***-3305 in the last four years was made using an ATDS.

36. Each call Capital One made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, without human intervention, using

a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

37. Furthermore, each of the calls at issue were placed by Capital One using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

38. Capital One has stipulated in another lawsuit that the telephone system they used to call the Plaintiff was in fact an ATDS.

39. Plaintiff repeatedly requested that Capital One stop calling his cell phone however Capital One continued to make calls

40. Each subsequent call Capital One made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

41. Plaintiff's conversations with Capital One demanding an end to the harassment were ignored.

42. Capital One has recorded at least one conversation with the Plaintiff.

43. Capital One has recorded numerous conversations with the Plaintiff.

44. Capital One has made approximately three hundred (300) calls to Plaintiff's aforementioned cellular telephone number from 2014 until today, which will be established exactly once Defendants turn over their dialer records.

45. Despite actual knowledge of their wrongdoing, Capital One continued the campaign of abusive robocalls.

46. Capital One's corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent Capital One may have had.

47. Capital One's corporate policies and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

48. Capital One has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

49. Capital One has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

50. Capital One has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.  Capital One has been sued civilly in Federal Court 1,085 times in the last three (3) years (According to PACER, accessed on April 29, 2016).

51. Since July of 2013, the Consumer Financial Protection Bureau has received two hundred and eighty-one (281) complaints against Capital One classified under the category "Communication Tactics," and most commonly under the sub-issue of "Frequent or repeated calls" (According to www.consumerfinance.gov, accessed April 24, 2016).

52. In the last three (3) years, the Capital One has had 4,238 complaints reported to the Better Business Bureau (BBB), of which 1,735 of those complaints are classified as being related to "Billing/Collection Issues" (See http://www.bbb.org/richmond/business-reviews/credit-cards-and-plans/capital-one-financial-corporation-in-richmond-va-21009223).

53. ARS National Services, Inc. has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. ARS National Services, Inc. has been sued civilly in Federal Court 127 times in the last three (3) years (According to PACER, accessed on April 29, 2016).

54. Since July of 2013, the Consumer Financial Protection Bureau has received seventy-five (75) complaints against ARS National Services, Inc. classified most commonly under the sub-issue of "Cont'd attempts to collect a debt not owed." (According to www.consumerfinance.gov, accessed April 29, 2016).

55. In the last three (3) years, the ARS National Services, Inc. has had 48 complaints reported to the Better Business Bureau (BBB), of which 40 of those complaints are classified as being related to "Billing/Collection Issues" (See http://www.bbb.org/sdoc/business-reviews/collection-agencies/ars-national-services-inc-in-escondido-ca-8000704/).

56. Plaintiff expressly revoked consent to Capital One's placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Capital One's placement of the calls.

57. None of Capital One's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

58. Capital One violated the TCPA with respect to the Plaintiff.

59. Capital One willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
## CAPITAL ONE

**(Violation of the TCPA)**

60.   Plaintiff incorporates Paragraphs one (1) through fifty-nine (59).

61.   Capital One caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

62.   Capital One willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Capital One for statutory damages, punitive damages, actual damages, and any other such relief the court may deem just and proper.

## COUNT II
## CAPITAL ONE

**(Violation of the FCCPA)**

63.   Plaintiff incorporates Paragraphs one (1) through fifty-nine (59).

64.   At all times relevant to this action Capital One is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

65. Capital One has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

66. Capital One has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse the debtor.

67. Capital One's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Capital One for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

## COUNT III
## ARS NATIONAL SERVICES, INC.

**(Violation of the FCCPA)**

68. Plaintiff incorporates Paragraphs one (1) through fifty-nine (59).

69. At all times relevant to this action ARS National Services, Inc. is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

70. ARS National Services, Inc. has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to harass the debtor.

71. ARS National Services, Inc. has violated Florida Statute §559.72(9) by attempting to enforce a debt when ARS National Services, Inc. knew that the debt was not legitimate or by asserting the existence of some other legal right when ARS National Services, Inc. knew that the right did not exist.

72. ARS National Services' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ARS National Services, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

### COUNT IV
### ARS NATIONAL SERVICES, INC.
### (Violation of the FDCPA)

73. Plaintiff incorporates Paragraphs one (1) through fifty-nine (59).

74. At all times relevant to this action ARS National Services, Inc. is subject to and must abide by 15 U.S.C. § 1692 et seq.

75. ARS National Services, Inc. violated 15 U.S.C. § 1692(c)(a)(1) by communicating with the Plaintiff at an unusual time or a time which should be known to be inconvenient for the Plaintiff.

76. ARS National Services, Inc. violated 15 U.S.C. § 1692(c)(b) by communicating, in connection with the collection of a debt and without the prior consent of the consumer, with the Plaintiff.

77. ARS National Services, Inc. violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

78. ARS National Services, Inc. violated 15 U.S.C. § 1692(e) by using false, deceptive, or misleading representation or means in connection with the collection of a debt.

79. ARS National Services, Inc. violated 15 U.S.C. § 1692(e)(2)(a) by falsely representing the character, amount, or legal status of a debt.

80. ARS National Services, Inc. violated 15 U.S.C. § 1692(e)(2)(b) by falsely representing services rendered or compensation which may be lawfully received by a debt collector for the collection of a debt.

81. ARS National Services, Inc. violated 15 U.S.C. § 1692(f)(1) by attempting to collect a debt that is not expressly authorized by the agreement creating the debt and/or not permitted by law.

82. ARS National Services, Inc. violated 15 U.S.C. § 1692(g) by failing to send the Plaintiff a 30-day validation notice within five (5) days of the initial communication with the Plaintiff.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against ARS National Services, Inc. for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

Respectfully submitted,

*s/William Peerce Howard*
William Peerce Howard, Esquire
Florida Bar No. 0103330
Billy@TheConsumerProtectionFirm.com
Amanda J. Allen, Esquire
Florida Bar No. 98228

Amanda@TheConsumerProtectionFirm.com
The Consumer Protection Firm, PLLC
210 A South MacDill Avenue
Tampa, FL 33609
Tele: (813) 500-1500
Fax: (813) 435-2369
Attorney for Plaintiff