UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT YAKSETIC,**

    **Plaintiff,**

v.                                          **Case No: 8:16-cv-1142-T-27JSS**

**CAPITAL ONE and ARS NATIONAL
SERVICES, INC.,**

    **Defendants.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant ARS National Services, Inc's Motion to Dismiss and for Attorney's Fees (Dkt. 9), which the Plaintiff opposed (Dkt. 21). Upon consideration, the Motion is GRANTED in part and DENIED in part.

Plaintiff alleges ARS National Services, Inc ("ARS") violated the Florida Consumer Collection Practices Act ("FCCPA") (Count III) and the Fair Debt Collection Practices Act ("FDCPA") (Count IV) by attempting to collect his deceased mother's debt from him. (Dkt. 1 ¶¶ 2, 28-29). ARS attempted to collect the debt by sending the "Debt Collection Letter," (Dkt. 1-1), addressed to his deceased mother to his home, suggesting that Plaintiff was responsible for paying the debt. (Dkt. 1 ¶¶ 30-31). Plaintiff seeks actual damages, statutory damages, punitive damages, and attorney's fees and costs.

ARS moves to dismiss Counts III and IV, arguing that (1) ARS did not attempt to collect a debt from Plaintiff as the Debt Collection Letter was not addressed to him, (2) Plaintiff fails to state a claim against ARS, and (3) the Complaint is an impermissible shotgun pleading. Further,

ARS seeks attorney's fees and Rule 11 sanctions.

## Standard

A complaint should contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must contain more than unadorned or conclusory accusations of harm. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). It must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555, 127 S. Ct. 1955, 1965 (2007)). "A claim has facial plausibility when the plaintiff pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. 1955). All factual allegations in a complaint must be accepted as true for the purposes of a motion to dismiss but this is "inapplicable to legal conclusions." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. The allegations are construed in the "the light most favorable to the plaintiff." *Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1359 (11th Cir. 2011).

## Discussion

### Fair Debt Collection Practice Act

The FDCPA provides for civil liability for debt collectors who fail to comply with any of its provisions. 15 U.S.C. § 1692k(a); *Baker v. G.C. Svcs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982). To prevail, the plaintiff must show that "(1) the plaintiff has been the object of collection

activity arising from consumer debt, (2) the defendant is a debtor collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002) (citing *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-1361 (S.D. Fla. 2000) (quoting *Silbey v. First Collect Inc.*, 913 F. Supp. 469, 470 (M.D. La. 1995))).

### *Violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692g*

Plaintiff asserts violations of § 1692c(a)(1), which states in pertinent part that "a debt collector may not communicate with a consumer" at an unusual time or place "which should be known to be inconvenient to the consumer," and § 1692c(b), which states in pertinent part that "a debt collector may not communicate . . . with any person other than the consumer . . . ." Plaintiff alleges that ARS violated § 1692g by failing to send Plaintiff a "30-day validation notice," (Dkt. 1 ¶ 82), which is required to be sent to the "consumer." 15 U.S.C. § 1692g(a).

Section 1692c protects only the "consumer." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1301-02 (11th Cir. 2015). Section 1692g requires the debt collector to send "the consumer a written notice." 15 U.S.C. § 1692g(a); *see also Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1271 (11th Cir. 2016) (referring to definition of consumer in analyzing § 1692g(a)); *Dunham v. Portfolio Recovery Associates, LLC*, 663 F.3d 997, 1001 (8th Cir. 2011) (section 1692g restricts the application of the FDCPA to a consumer). And a "consumer" is defined as any natural person obligated or allegedly obligated to pay any debt and includes for the purposes of § 1692c, the consumer's spouse, parent, guardian, executor, or administrator. 15 U.S.C. §§ 1692a(3), 1692c(d).

Taking the allegations in the complaint as true, ARS attempted to collect a debt that

Plaintiff did not owe, he is "a party other than the consumer," he is not a representative of his mother's estate, and the Debt Collection Letter was not addressed to him.(Dkt. 1, ¶¶ 28, 29, 30).[1]

Even construing the Complaint in the light most favorable to Plaintiff, he fails to meet the definition of a consumer under § 1692c and § 1692g. Accordingly, those claims are due to be dismissed. *See* 15 U.S.C. §§ 1692a(3), 1692c(d), 1692g(a); *Miljkovic*, 791 F.3d at 1301; *Bishop*, 817 F.3d at 1271; *see also Montgomery v. Huntington Bank*, 346 F.3d 693, 697 (6th Cir. 2003) (holding the plaintiff was not a consumer because it was his mother who owed the debt, not him).

### *Violations of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692f(1)*

Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692e, and 1692f. Unlike §§ 1692c and 1692g, these provisions are not limited to consumers. *Miljkovic*, 791 F.3d at 1301. Section 1692d protects "any person" from being harassed by a debt collector. *Id.* at 1300. Section 1692e is "read to bar 'any' prohibited representation, regardless of whom it is directed." *Id.* at 1301. The language of § 1692f is broad and "applies whether the unfair and unconscionable means are employed against consumers or non-consumers." *Id.*

Viewing the allegations in the light most favorable to Plaintiff, the Debt Collection Letter was an attempt to collect his deceased mother's debt, but was directed to Plaintiff's residence. (Dkt. 1 ¶¶ 28-31). Plaintiff has sufficiently pled that he was the object of collection activity related to a debt that was not his, that ARS is a debtor collector, and that ARS engaged in acts violating these provisions. (Dkt. 1 ¶¶ 17-21, 28-31); *see Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Fuller*, 192 F. Supp. 2d at 1366. Accordingly, Accordingly, these allegations state a claim. *See Miljkovic*, 791 F.3d at 1300-01.

---

[1] Count IV incorporates paragraphs one through fifty-nine of the Complaint. (Dkt. 1 ¶ 73).

4

**Florida Consumer Collection Practices Act**

The FCCPA's goal is "to provide the consumer with the most protection possible under either the state or federal statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1192 (11th Cir. 2010). "A debtor may bring a civil action against a person violating the provisions of § 559.72." Fla. Stat. § 559.77. A debtor includes "any natural person obligated or allegedly obligated to pay any debt." Fla. Stat. § 559.55(8).

In determining whether a plaintiff was obligated to pay a debt, the question is not whether the plaintiff was actually obligated to pay the debt, but rather whether the defendant communicated to the plaintiff that he was obligated. *See Strauss v. CBE Grp., Inc.*, No. 15-62026-CIV, 2016 WL 1273913, at *5 (S.D. Fla. Mar. 28, 2016) (granting summary judgment in favor of creditor on FCCPA claim because creditor neither told nor implied that plaintiff owed the debt of the 3rd party); *Fini v. Dish Network L.L.C.*, 955 F. Supp. 2d 1288, 1298 (M.D. Fla. 2013) (finding plaintiff was "allegedly obligated" to pay a debt where defendant requested that plaintiff pay the debt). "Thus, where a creditor calls a wrong number [or mails to the wrong address] and alleges that the call recipient [or mail recipient] owes a debt, the recipient is a debtor under the FCCPA." *Smith v. Markone Fin., LLC*, No. 3:13-CV-933-J-32MCR, 2015 WL 419005, at *4 (M.D. Fla. Feb. 2, 2015), *on reconsideration in part*, No. 3:13-CV-933-J-32MCR, 2015 WL 11004881 (M.D. Fla. June 16, 2015) (citations omitted).

Although Plaintiff alleges that ARS attempted to collect a debt from him that it knew he did not owe, and suggested that he was responsible for paying the debt by sending the Debt Collection Letter to his residence, the Debt Collection Letter contradicts these allegations. (Dkt. 1 ¶¶ 13, 28-31; Dkt. 1-1). Even considered in the light most favorable to the Plaintiff, the Debt

Collection Letter demonstrates that ARS did not communicate to him that he was obligated to pay his deceased mother's debt. *See Strauss*, 2016 WL 1273913, at \*5; *Smith*, 2015 WL 419005, at \*4; *Fini*, 955 F. Supp. 2d at 1298. Accordingly, these claims will be dismissed.

**Shotgun Pleading**

ARS argues that Plaintiff's Complaint is a shotgun pleading because it incorporates the background factual allegations into each count. The hallmark of a shotgun pleading is one in which each count in the complaint "adopts the allegations of all preceding counts." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1125 (11th Cir. 2014).

Plaintiff's Complaint does not constitute a shotgun pleading. It does not adopt all the allegations of the preceding counts, but incorporates only the background factual allegations into each count. *See id.* And in the remaining count against ARS for violations of the FDCPA, the allegations against Capital One are necessarily relevant to show why ARS was attempting to collect the debt owed to Capital One. *See e.g. Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (recognizing courts routinely allow debtors to pursue alleged violations of multiple sections of the FDCPA arising from one set of circumstances) (citations omitted).

**Attorney's Fees**

ARS incorporates into its Motion to Dismiss a Motion for Attorney's Fees under Rule 11, Fed. R. Civ. P. and 15 U.S.C. § 1692k(a)(3). Plaintiff contends that ARS has failed to follow the procedure for Rule 11 sanctions and that he acted in good faith when filing the Complaint.

For actions brought pursuant to the FDCPA, award attorney's fees may be awarded if the plaintiff acted in bad faith and for the purpose of harassment in bringing the action. 15 U.S.C. §

1692k(a)(3); *see Diaz v. First Marblehead Corp.*, 643 F. App'x 916, 924-925 (11th Cir. 2016). A motion for sanctions under Rule 11, Fed. R. Civ. P. "must be made separately from any other motion . . . . The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within 21 days after service . . . ." Fed. R. Civ. P. 11(c)(2). Failure to comply with these procedural requirements, including the 21 day safe harbor period, forecloses Rule 11 sanctions. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006).

ARS failed to file a separate motion and failed to provide the 21 day "safe harbor" provision in accordance with Rule 11. *See Macort*, 208 F. App'x at 786. Accordingly, it is not entitled to attorney's fees under Rule 11.

To be entitled to fees under 15 U.S.C. § 1692k(a)(3), ARS must demonstrate that Plaintiff filed his Complaint in bad faith and for the purpose of harassment. *See Diaz*, 643 F. App'x at 924-925.[2] ARS relies on the Debt Collection Letter and settlement negotiations with Plaintiff's counsel in support of its claim for attorney's fees.

As discussed *supra*, the Debt Collection Letter addressed to Plaintiff's deceased mother at Plaintiff's residence does not prevent him from stating claims under the FDCPA. *See Miljkovic*, 791 F.3d at 1300-01. That ARS prevailed on its motion to dismiss with respect to

---

[2] The Eleventh Circuit in this unpublished decision recognized that there is "no circuit precedent interpreting the meaning of 'in bad faith and for the purposes of harassment' in the context of § 1692k(a)(3)." *Diaz*, 643 F. App'x at 924. However, district courts "have held that merely prevailing on a motion to dismiss for failure to state a claim, or on summary judgment, is insufficient to show that the plaintiff acted in bad faith and for the purpose of harassment." *Gillis v. Deutsche Bank Trust Co. Americas*, No. 2:14-CV-418-FTM-38CM, 2016 WL 551765, at *3 (M.D. Fla. Jan. 26, 2016), *report and recommendation adopted sub nom. Gillis v. Deutsche Bank Trust Co.*, No. 2:14-CV-418-FTM-38CM, 2016 WL 540300 (M.D. Fla. Feb. 11, 2016) (citing *Heald v. Ocwen Loan Servicing, LLC*, No. 3:13-CV-993-J-34JRK, 2014 WL 4639410, at *6, n. 16 (M.D.Fla. Sept. 16, 2014); *see also Acosta v. Campbell*, No. 6:04-CV-761-Orl-28-DAB, 2009 WL 4639704, at *8-9 (M.D.Fla. Dec. 4, 2009); *Derbin v. Keith M. Nathanson, PLLC*, No. 2:12-CV-670-FTM-29, 2013 WL 5490176, at *3-4 (M.D.Fla. Sept. 30, 2013); *Wilson v. Transworld Sys., Inc.*, No. 5:00-CV-135-OC-10GRJ, 2003 WL 21488206, at *1 (M.D. Fla. June 10, 2003)).

certain claims is not sufficient to demonstrate that Plaintiff acted in bad faith and for the purpose of harassment in bringing this action. *See Gillis,* 2016 WL 551765, at * 3. Further, ARS has failed to show how the inability of the parties to reach a settlement is equivalent to bad faith, or supports its allegations of bad faith. Accordingly, ARS is not entitled to attorney's fees under § 1692k(a)(3). *See Diaz*, 643 F. App'x at 924-25; *Gillis,* 2016 WL 551765, at * 3.

## Conclusion

Defendant ARS's Motion to Dismiss and for Attorney's Fees (Dkt. 9) is **GRANTED** *in part*. Count III and Plaintiff's claims for violations of 15 U.S.C. §§ 1692c(a)(1), 1692c(b), and 1692g are **DISMISSED without prejudice**. Defendant ARS's Motion for Attorney's Fees is **DENIED**. Plaintiff is granted leave to file an amended complaint as to these claims within **fourteen (14) days** of the date of this Order, or file a notice of his election not to amend. Within **fourteen (14) days** of the filing of Plaintiff's amended complaint or notice, ARS shall respond.

**DONE AND ORDERED** this 29th day of August, 2016.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record