## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ROBERT YAKSETIC,

      Plaintiff,

v.                              CASE NO.:  8:16-cv-01142-JDW-JSS

CAPITAL ONE and ARS NATIONAL
SERVICES, INC.,

      Defendant.

_____

**PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS AGAINST DALE T. GOLDEN, ESQ.,
GOLDEN, SCAZ, GAGAIN, PLLC AND DEFENDANT, ARS NATIONAL SERVICES, INC.**

_____

**COMES NOW**, Plaintiff, Robert Yaksetic, by and through his undersigned counsel and pursuant to Federal Rule of Civil Procedure 11, hereby respectfully requests that this Honorable Court grant his Motion for Sanctions and states the following in support thereof:

## I.    Introduction

Dale Golden, who represents the Defendant, ARS National Services, Inc. filed Defendant's Motion to Dismiss and for Attorney Fees [Doc. 9] which on its face is improper, harassing, frivolous, meant to needlessly increase the cost of litigation, unprofessional and an attempt to mislead this court.   This lawsuit [Doc. 1] was filed because Plaintiff is the victim of the despicable debt collection practice referred to as "decedent debt" collectors, the individuals that participate are referred to as "death collectors."   This goal of this "death collection" industry is to make relatives of family members who just passed away, pay their debts although they do not owe these debts.   Plaintiff received numerous grossly illegal communications in an attempt to collect a debt owed by his recently deceased mother.

Capital One "robocalled" him more than 300 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA"). Capital One continued its collection activities although Plaintiff explained repeatedly that he had already sent the death certificate of his mother and told Capital One to stop calling.  Capital One then hired ARS National Services, Inc. who further attempted to collect a debt owed by the Plaintiff's deceased mother from the Plaintiff in violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"). Both Defendants knew that Plaintiff did not owe his deceased mother's debt, but entered into an agreement to get him to pay it anyway.  ARS National Services Inc., as an agent of Capital One, then sent a letter to the Plaintiff's address addressed to Plaintiff's mother, knowing Plaintiff would open it with the plan that he would also pay it.  This is the seedy world of the "death collectors."

## II.     Dale Golden and his law firm are subject to sanctions for repeatedly stating to this Court that ARS is entitled to recover its attorney fees under Rule 11 although no motion and right to cure was ever sent to the undersigned prior to filing said motion

Dale Golden flagrantly violates the very federal Rule he seeks sanctions under.  Dale Golden states to this Court, "Moreover, the filing of the Complaint violates Rule 11 as it was presented for the improper purpose of harassing ARS into paying an inflated settlement, and the claims were not warranted by existing law. *See*, Fed.R.Civ.Proc. 11(b).  As such, the Court should enter an Order awarding ARS its attorney fees incurred in defending this case." [Doc. p. 13].  He also states to this Court in Section IV. "ARS is entitled to recover its attorneys' fees under 1692k(a)(3) and Rule 11" [Doc. 9, p. 11]  A simple reading of Federal Rule of Civil Procedure 11 indisputably proves these statements false.  Fed.R.Civ.Proc. 11(c)(2) requires that any alleged violation of Rule 11(b) "must be made separately from another motion" and "must be served under

Rule 5" and "must not be filed" if corrected within 21 days. Dale Golden did not send a separate motion and did not serve it under Rule 5 and did in fact file it. This is a scare tactic and a scare tactic that flies in the face of the spirit and the plain reading of Rule 11 and thus is worthy of sanctions.

### III.   Dale Golden and his law firm are subject to sanctions for violations of Rule 11(b)(1), (2) and (3)

Federal Rule of Civil Procedure 11 states:

(b)      Representations to the Court. By presenting to the court a pleading, written motion.—an attorney certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1)      it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2)      the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3)      the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and …

Dale Golden goes to great pains to try to make the undersigned look bad. He makes the preposterous statement that undersigned "was nothing short of dismissive" in an email and therefore his debt collector client should be entitled to recover attorney fees. A fair reading of the emails lead to the conclusion that the undersigned was out of state on a family vacation, but responded to numerous emails asking for a settlement demand and reasoning. The undersigned was on vacation with his wife, 2-year-old and 3-year-old children and grandparents and tried to politely explain he wasn't in the office, but invited a telephone conversation by saying, "If you'd like to discuss further I'll be back next week."

Dale Golden accuses the undersigned of sending "various emails demanding $400,000 and threatening a punitive damages claim, and was otherwise dismissive." [Doc. 9 p. 3]   Apparently someone took offense that undersigned was trying to be nice and communicate on a friendly basis. Perhaps Plaintiff's counsel should be equally upset that the Defendant offered $250 to settle this case.   The $400,000 offer to settle this case was based in part upon the fact Plaintiff received approximately 300 robocalls that violate the TCPA.  If this Court find that these calls were willful or with knowledge, then Plaintiff may be entitled to $1500 per call or $450,000; and this does not even include the actual and statutory damages afforded under the FCCPA and FDCPA.  As far as the punitive damages, undersigned counsel has been successful in obtaining permission from the Court to pursue punitive damages in 3 separate cases in state court, in one of these cases the case actually went to trial and the jury award punitive damages.  These cases were all settled under a confidentiality however undersigned counsel would be more than happy to share the Orders with the Court should they be requested granting Plaintiff's Motion to Amend for Punitive Damages and the jury verdict form awarding punitive damages in similar cases where the "death collectors" where communicating with a family member concerning a lost loved one.  Obviously the FCCPA allows for punitive damages in the statute itself so it's a mystery what "threatening a punitive damages claim" means, because in federal court, Plaintiff has the right to plea punitive damages. What is no mystery is the fact the motion signed and filed by Dale Golden is precisely the type of conduct that the judiciary is trying to rid itself of.  This type of conduct is also the type that is sanction worthy.   It is also noteworthy that Defendant's in-house counsel did not call the undersigned, although undersigned asked her to if she wanted to discuss this matter further, and Dale Golden did not return undersigned's call although he asked him to immediately following the filing of his motion. [Doc. 9]

## MEMORANDUM OF LAW

The essence of Rule 11 is that signing is no longer a meaningless act; it denotes merit. *See, Turner v. Sunguard Business Systems, Inc.*, 91 F. 3d 1418, 1421 (11th Cir. 1996). A signature sends a message to the district court that this document is to be taken seriously. *Id.* Even if a pleading passes Rule 11 when it is initially signed, information that subsequently comes to the attention of counsel may demonstrate that a claim or contention that is no longer tenable. *Id.* at 1422 ("That the contentions contained in the amended complaint were not frivolous at the time it was field does not prevent the district court from sanctioning…continued advocacy of them after it should have been clear that those contentions were no longer tenable. An ample basis exists for the district court's imposition of Rule 11 sanctions.")

This type of bullying conduct should not be tolerated by this Court.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court find Dale Golden in violation of Rule 11, in addition to his law firm and the Defendant ARS National Services, Inc. and find them liable for payment of all costs and attorney fees associated with the bringing of this motion in addition to all other relief available under Rule 11 which could include striking Defendant's Answer and Affirmative Defenses; in addition to any other remedy this Court believes is fair and just.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on this 15th day of July, 2016, to:  Dale Golden, Esq., Golden, Scaz, Gagin, PLLC. and Dale Golden to provide a copy to his client Defendant's ARS National Services, Inc. via email and certified U.S. Mail.

Respectfully submitted,

*s/William Peerce Howard*
William Peerce Howard, Esq.
Florida Bar No.:  0103330

Amanda J. Allen, Esq.
Florida Bar No.:  0098228
The Consumer Protection Firm, PLLC
210-A South MacDill Avenue
Tampa, FL 323609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com
Attorney for Plaintiff