UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT YAKSETIC,

      Plaintiff,

v.                                                   CASE NO.: 8:16-cv-01142-JDW-JSS

CAPITAL ONE and ARS NATIONAL
SERVICES, INC.,

      Defendants.

_____/

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS</u>

COMES NOW, Defendant ARS NATIONAL SERVICES, INC. ("ARS"), by and through its undersigned counsel, and hereby files its Response to Plaintiff's Motion for Rule 11 Sanctions (DE 26), and states the following in support thereof:

### I.      Factual and Procedural Background

Plaintiff has sued both Capital One and ARS based upon a debt owed by Plaintiff's deceased mother. Plaintiff claims that Capital One violated the TCPA and FCCPA by "'robocall[ing]" him more than 300 times and "continu[ing] its collection activities although Plaintiff explained repeatedly that he had already sent the death certificate of his mother and told Capital One to stop calling." *See,* DE 26 at p. 2. By contrast, Plaintiff's FDCPA and FCCPA claims against ARS are all based on a single collection letter addressed to Plaintiff's mother and allegedly sent to Plaintiff's address.[1] *See*, DE 1-1.

On June 30, 2016, ARS filed its Motion to Dismiss and for Attorney's Fees. *See,* DE 9. In that Motion, ARS argued, *inter alia*, that Plaintiff's FDCPA/FCCPA claims were based on the false factual basis that ARS's collection letter was an attempt to collect a debt from Plaintiff, as

---

[1] Plaintiff does not, nor could he, claim the substance of the letter itself is abusive or otherwise unlawful.

opposed to his mother. In addition to requesting dismissal of the case with prejudice, ARS requested the Court award it fees under Rule 11 and 15 U.S.C. § 1692k.

On July 11, 2016, Plaintiff's counsel contacted counsel for ARS to request ARS agree to a motion to extend the deadline for Plaintiff to response to the Motion to Dismiss and for Attorney's Fees. ARS did not oppose this request; a motion was then filed (DE 15) and an Order entered (DE 16) granting Plaintiff until July 28, 2016, to respond to the Motion to Dismiss and for Attorney's Fees.

On July 28, 2016, Plaintiff's counsel again contacted counsel for ARS to request an additional extension to respond to the Motion to Dismiss and for Attorney's Fees. ARS against consented to an order extending the deadline to August 4, 2016. A second motion was then filed (DE 19) and a second Order entered granting an extension (DE 20). On August 4, 2016, 35 days after ARS filed its Motion to Dismiss and for Attorney's Fees, Plaintiff filed his Response in Opposition to Defendant's Motion to Dismiss and for Attorney's Fees. *See,* DE 21.

In his Response, Plaintiff argued not only that the Motion to Dismiss and for Attorney's Fees should be denied, but also made the same argument and requested the same relief sought via the Motion at bar. Specifically with respect to Defendant's request for attorney's fees in the Motion to Dismiss, Plaintiff argued: "Given the clear disregard for the requirements under Rule 11(c)(2) and the overall baseless nature of the Defendant request for sanctions under Rule 11, Plaintiff respectfully requests that this Court award attorney's fees and costs to Plaintiff for defense of such an improper demand by the Defendant." *See,* DE 21 at p. 10. Plaintiff has now filed a separate Motion for Sanctions making the same argument and seeking the same relief

contained in his Response in Opposition to Defendant's Motion to Dismiss and for Attorney's Fees.[2]

In its Order on ARS's Motion to Dismiss, the Court determined as a matter of law, and consistent with ARS's argument, that although the collection letter was sent to an address allegedly belonging to Plaintiff, the substance of the letter itself demonstrates ARS did not even imply that Plaintiff was responsible for the debt much less that Plaintiff was obligated to pay it. Specifically, the Court determined Plaintiff's allegation that "ARS attempted to collect a debt from him that it knew he did not owe, and suggested that he was responsible for paying the debt by sending the Debt Collection Letter to his residence" was contradicted by the letter itself. *See,* DE 24 at p. 5. In reaching this conclusion, the Court explicitly determined—contrary to Plaintiff's allegation—the "Collection Letter demonstrates that ARS did not communicate to [Plaintiff] that he was obligated to pay his deceased mother's debt." *Ibid.* at p. 6.

In the absence of an argument that the collection letter was an attempt to collect money from him that was owed by his deceased mother—a legal theory already rejected by the Court— Plaintiff has no valid FDCPA or FCCPA claims. This is so due to the fact that Plaintiff cannot claim that ARS's collection activity as it relates to him involved anything more than sending the collection letter nor has he or can he claim the substance of the letter is violative of any provision of the FDCPA. That this legal theory is the only one being advanced by the Plaintiff in this case is evidenced by his continued use of the phrase "death collector" to describe ARS. For example, in responding to ARS's Motion to Dismiss Plaintiff claimed: "The goal of this type of 'death

---

[2] An argument exists that the Court's failure to grant the relief requested by the Plaintiff in his Response is a tacit denial of that request for relief prohibiting Plaintiff from re-litigating the issue via the Motion at bar. *See, e.g. Bruce v. Reese*, 431 Fed. Appx. 805, 806 (11th Cir. 2011) ("Although the district court did not explicitly deny Bruce's request for a hearing, we treat its order denying the motion on its merits as an implicit denial of his request for a hearing.")

collection' tactic is to make relatives of deceased family members pay debts, even though they do not owe and are not responsible for these debts." *See*, DE 21 at p. 2.

As indicated above, the Court has ruled as a matter of law ARS's letter contradicts the claims that ARS "attempted to collect a debt from Plaintiff" or "suggested that he was responsible for paying the debt", i.e. the "death collector" theory. Despite this unequivocal ruling, Plaintiff has chosen to proceed with his claims against ARS.

In its Order, the Court also denied ARS's request for attorney's fees on the basis that ARS did not file a separate motion or provide opposing counsel a copy of that motion in compliance with Rule 11(c)(2). Via the Motion at bar, Plaintiff asks the Court to sanction ARS and its counsel for requesting Rule 11 sanctions without complying with the technical requirements of Rule 11(c)(2) before filing the motion with Court. For the reasons cited below, Plaintiff's Motion must be denied.

## II.    Legal Arguments.

### The Court has already denied the same request for relief by Plaintiff.

As indicated above, in his Response to ARS's Motion to Dismiss, Plaintiff made the same argument and requested the exact same relief sought via the Motion at bar. Specifically, Plaintiff argued in response to ARS's request for attorney's fees: "Given the clear disregard for the requirements under Rule 11(c)(2) and the overall baseless nature of the Defendant request for sanctions under Rule 11, Plaintiff respectfully requests that this Court award attorney's fees and costs to Plaintiff for defense of such an improper demand by the Defendant." *See,* DE 21 at p. 10.

The Court's Order on ARS's Motion to Dismiss was silent with respect to Plaintiff's request for attorneys' fees and costs based on ARS's failure to comply with the technical requirements of Rule 11(c)(2). In the Motion at bar, Plaintiff offers the same argument and seeks

the same relief requested in his Response in Opposition to Defendant's Motion to Dismiss and for Attorney's Fees.

The mere fact that the Court did not explicitly rule on Plaintiff's request for attorney's fees does not mean the issue was not resolved by the Court's Order. In fact, substantial case law exists supporting the notion that a court's order disposes of all relief sought by the parties regardless of whether the order addresses every specific request for relief.

For example, in *Nebeker v. Nat'l Auto Plaza*, 643 Fed. Appx. 817, 826 (10th Cir. 2016) (unpublished), the Tenth Circuit Court held the failure to rule on a request for sanctions was an "implicit denial" that demonstrated "the district court did not consider Defendants' counsel's conduct to be so egregious as to warrant sanctions." *Id.* In *Carver v. Carver*, 954 F.2d 1573, 1575 (11th Cir. 1992), the plaintiff requested a continuance at a hearing. The court did not explicitly rule on the request. On appeal, the Eleventh Circuit noted: "The court never responded to that request, and so implicitly denied it." *Id.; see also United States v. Benenhaley*, 240 Fed.Appx. 581, 582 & n.* (4th Cir. 2007) ("affirm[ing] the district court's implicit denial" of a claim it admittedly did not address: "[b]y omitting this claim from its opinion, the district court implicitly rejected it."); *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1116 (10th Cir. 2004) ("district court's failure to address Hill's arguments may be properly construed as an implicit denial of those arguments."); *Alpine View Co. v. Atlas Copco AB,* 205 F.3d 208, 220 (5th Cir.2000) (interpreting lack of explicit statement on Rule 72(a) objections as refusal to overrule the magistrate judge's order).

In his Response to ARS's Motion to Dismiss, Plaintiff made a conscious decision to affirmatively seek attorneys' fee and costs for ARS's  lack to technical compliance with Rule

11(c)(2). The Court subsequently entered an Order implicitly denying that request. As such, Plaintiff is prohibited from seeking the same relief a second time via separate motion.

**<ins>The legal citations relied upon by the Court in granting,<br>in part, ARS's Motion to Dismiss demonstrate<br>each and every dismissed claim was objectively frivolous.</ins>**

In the Complaint, Plaintiff claimed that by sending the letter ARS violated multiple provisions of the FCCPA and FDCPA.

In ruling on ARS's Motion to Dismiss, the Court relied on binding precedent from the Eleventh Circuit to determine Plaintiff's FDCPA claims alleging violations of § 1692c(a)(1), 1692c(b), and § 1692g were subject to dismissal, as those provisions limit their protections to a "consumer" as defined by the FDCPA. *See,* DE 24 at pp. 3-4. Specifically with respect to Plaintiff's 1692c claims, the Court relied on the Eleventh Circuit's opinion in *Miljokvic v Shafritz & Dinkin, P.A.*, 791 F.3d 1291 (11th Cir. 2015) for the proposition that "1692c protects only the consumer." In reaching a similar conclusion with respect to Plaintiff's 1692g claim, the Court relied on the Eleventh Circuit's decision in *Bishop v. Ross Earle & Bonan, P.A.,* 817 F.3d 1268 (11th Cir. 2016) and the language of 1692g itself. As the Court correctly noted, "consumer is defined as any natural person obligated or allegedly obligated to pay any debt." *See,* DE 24 at p. 3. The Court then held: "Even construing the Complaint in the light most favorable to Plaintiff, he fails to meet the definition of a consumer under § 1692c and § 1692g." *Ibid.* at p. 4. A review of these binding decisions from the Eleventh Circuit as well as the clear language of §§ 1692c and 1692g themselves, would make it obvious to any attorney that the claims were not warranted by existing law as Plaintiff does not meet the definition of "consumer" under the FDCPA. Therefore, the Court could have determined the prosecution of these claims violated Rule 11 and/or § 1692k. *See, e.g. Diaz v. First Marblehead Corp.*, 643 Fed. Appx. 916, 922

(11th Cir. 2016) (unpublished) ("Diaz's factual assertion regarding AES's relationship to the loan makes it clear to anyone who has read the statute that AES was not a debt collector, as the statute defines that term.")

With respect to Plaintiff's FCCPA claims, the Court cited several opinions from Florida federal courts--including cases litigated by counsel for Plaintiff--for the proposition that one must be a "debtor or alleged debtor" to have standing to sue under the FCCPA. Specifically as it relates to Plaintiff's counsel's knowledge, the Court cited *Fini v. Dish Network L.L.C.,* 955 F.Supp.2d 1288 (M.D. Fla. 2013) and *Smith v. Markone Fin. LLC*, 2015 WL 419005 (M.D. Fla. Feb. 2, 2015) for the legal proposition that a debtor collector must allege a non-debtor owes a debt in order for the non-debtor to have standing under the FCCPA. *See,* DE 24 at p. 5. Plaintiff's counsel in the instant case was counsel for the plaintiffs in both *Fini* and *Smith*, as well as other similar cases relied on by the Courts in issuing those opinions. Plaintiff's counsel's involvement in those other cases involving the same legal issue provides a basis for the Court to have concluded a Rule 11 violation occurred or that the dismissed claims were filed in violation of § 1692k. *See, Diaz v. First Marblehead Corp*., 643 Fed. Appx. 916, 923 (11th Cir. 2016) (unpublished) ("Shoring up the inference that Turner was necessarily aware of the frivolity of his claim is the fact that Turner had been through nearly identical litigation.")[3]

The fact the Court did not conclude the prosecution of the dismissed claims was sanctionable does not mean Defendant's request for attorneys' fees under both Rule 11 and § 1692k in its Motion to Dismiss violated Rule 11. In fact, the Court never reached the substantive issue of whether Plaintiff's prosecution of any claims, including those dismissed with prejudice,

---

[3] It is worth noting in *Diaz* that the District Court *sua sponte* determined Plaintiff's counsel had violated Rule 11 and also, § 1692k.

violated Rule 11. Instead, the Court merely ruled that ARS's failure to comply with the technical requirements of Rule 11(c)(2) was fatal to ARS's request for attorney's fees under Rule 11.

### ARS's lack of technical compliance did not violated Rule 11(c)(2)

Plaintiff claims ARS and its counsel violated Rule 11 by failing to comply with the requirements of Rule 11(c)(2) prior to filing the Motion to Dismiss and for Attorney's Fees. *See,* DE 26 at p. 2. Specifically, Plaintiff claims ARS and its counsel "did not send a separate motion and did not serve it under Rule 5 and did in fact file it." *Ibid.* at p. 3.

In refusing to award ARS its attorney's fees under Rule 11, the Court found that ARS's "[f]ailure to comply with Rule 11's procedural requirements, including the safe harbor period, forecloses Rule 11 sanctions." *See,* DE 24 at p. 7. In reaching this conclusion, the Court relied on an unpublished decision from the Eleventh Circuit. A closer examination of the facts relative to the Rule 11 issue in that case reveals that it is distinct in a material manner from the facts relative to the same issue in this case.

The following events and dates derived from the District Court's docket in *Macort v. Prem, Inc.,* Case No. 03-01710 (M.D. Fla.), are relevant to the issue at hand:

- On May 12, 2004, defendant filed a Motion for Fees/Sanctions without sending the motion to opposing counsel at least 21 days prior to filing it. *See, Macort*, Case No. 03-01710 at DE 18.

- On May 20, 2004, plaintiff filed a Notice/Motion for Dismissal with Prejudice. *Id.*, DE 25.

- On May 24, 2004, Judge Kovachevich entered an Order dismissing the case and denying all pending motions. *Id.*, DE 26.

- On May 26, 2004, defendant filed a Motion to Vacate/Set Aside Final Order. *Id.*, DE 27.

- On May 26, 2004, defendant filed a Renewed Motion for Fees/Sanctions. *See, Macort*, Case No. 03-01710 at DE 18. That two-page motion simply "renewed" the prior motion that had been denied by DE 26.

- On September 16, 2004, Judge Kovachevich entered an Order denying defendant's Motion to Vacate/Set Aside Final Order. *Id.*, DE 43. In that Order, Judge Kovachevich denied defendant's Renewed Motion for Fees/Sanctions, stating: "The Defendant failed to comply with the 21-day safe harbor provision as required by Rule 11." *Id.*, at p. 9.

As the Court is aware, *Macort* ultimately found its way to the Eleventh Circuit. The Court affirmed Judge Kovachevich's ruling denying Rule 11 sanctions stating: "Budget's failure to give Macort the twenty-one day safe harbor period forecloses Rule 11 sanctions for the initial filing of a frivolous suit." *Macort*, 208 Fed. Appx. at 786. The ruling that the failure to provide "the twenty-one day safe harbor period forecloses Rule 11 sanctions" was mandated by the language of Rule 11 itself. However, it does not necessarily foreclose the ability of a party to obtain Rule 11 sanctions if that party fails to serve the motion on the opposing party at least 21 days prior to filing it with the court, as Defendant did in this case. In those types of situations, the analysis turns on the same analysis the *Macort* Court applied, i.e. whether the twenty-one day safe harbor was literally provided to the opposing party regardless of whether the motion was served before filing.

Several federal courts, including one from this district, have held that the failure to serve the motion on the opposing party prior to filing it with the court is not necessarily fatal to a Rule 11 motion. For example, the Sixth Circuit Court of Appeals has held that technical compliance with the 21-day notice provision is not required absent evidence of prejudice. Specifically, the Court stated:

> We note that the defendants failed to comply with the provision of the current version of Rule II which requires that the motion not be filed with the court until 21 days after service on the opposing party. That provision is intended to allow the party an opportunity to withdraw the claims which lack legal or factual support. In this case, we find that the technical noncompliance did not prejudice the plaintiffs. They had ample opportunity to dismiss this meritless

> cause of action voluntarily. They could have done so following the
> motion to dismiss or for summary judgment, following the
> magistrate judge's report, or following the motion for sanctions
> Instead, they filed their own motion for summary judgment,
> objections to the magistrate judge's report, and responses to the
> motion for sanctions, all of which reiterated their completely
> frivolous argument of exemption from property taxes Accordingly,
> the district court's order granting the defendants' motion for
> sanctions is affirmed.

*Hadden v. Letzgus*, 121 F.3d 708 (6th Cir. 1997) (unpublished).

In a post-*Macort* ruling, Judge Briskman made a similar ruling in a case in which the

party serving the Rule 11 motion failed to wait the full 21 days prior to filing it with the court.

*See, In re Evergreen Sec., Ltd*., 381 B.R. 407, 412 (Bankr. M.D. Fla. 2007). In *Evergreen*, the

non-moving party argued the motion should be summarily denied as it failed to strictly comply

with the safe harbor provision in Federal Rule of Bankruptcy Procedure 9011, which is

substantively identical to Rule 11. *Id.* In rejecting the argument, Judge Briskman noted that the

non-moving party had not been prejudiced by the non-compliance since "[t]heir actions reflect

they had no intention of withdrawing or correcting the" motion at which the Rule 9011 motion

was directed. *Id.*, 381 B.R. at 413. He then stated:

> The Respondents should not be allowed to escape liability where
> Evergreen substantially complied, but did not strictly comply with
> Rule 9011, and such noncompliance caused the Respondents no
> prejudice. Where the safe harbor provision of Rule 9011 was
> substantially complied with a sanctions motion should be heard on
> the merits. *See Nisenbaum v. Milwaukee County*, 333 F.3d 804,
> 808 (7th Cir.2003) (holding defendants were entitled to a decision
> on the merits on Rule 11 sanctions where they substantially
> complied with Rule 11(c)(1)(A) by sending a letter rather than
> serving a motion); *Hadden v. Letzgus,* 1997 WL 434413, 121 F.3d
> 708 (Table) (6th Cir.1997) (finding in the face of continued
> litigation "technical non-compliance [with the safe harbor] did not
> prejudice plaintiffs."); *Cardillo v. Cardillo,* 360 F.Supp.2d 402,
> 419 (D.R.I.2005) (finding movant's technical noncompliance with
> Rule 11 did not bar his request for relief).

*In re Evergreen Sec., Ltd.*, 381 B.R. 407, 414 (Bankr. M.D. Fla. 2007).

In the instant case, Plaintiff was not prejudiced by ARS's technical noncompliance with Rule 11's requirement that a motion by served at least 21 days prior to filing it with the court. As detailed above, the Motion was filed on June 30, 2014. After two separate extensions of time to respond, both of which ARS did not oppose, Plaintiff filed his Response on August 4, 2016. The Response was filed 35 days after the Motion was filed. Plaintiff not only filed a response to the arguments relative to the Motion to Dismiss but also specifically addressed the Rule 11 claim.

Because of the unopposed extensions, Plaintiff was granted the full 21 days required under Rule 11 to determine whether he wanted to continue prosecution of the case. Had the Court not granted the extensions, Plaintiff would have been required to respond to the Motion to Dismiss within 17 days of its filing. Instead, Plaintiff was afforded 35 days to not only respond to the Motion to Dismiss, but also the full 21 days provided for by Rule 11 to ruminate on ARS's Rule 11 request in that Motion. The purpose of the Rule 11(c)(2) pre-filing requirement is to provide parties, like the Plaintiff, the "opportunity to assess the claim's validity without immediate repercussion." *In re Miller*, 414 Fed. Appx. 214, 217 (11th Cir. 2011). In the instant case, the extensions granted by the Court and agreed to by ARS relieved Plaintiff from any prejudice and served the purpose of Rule 11(c)(2) by providing Plaintiff a 21-day "opportunity to assess [his] claim's validity without immediate repercussion." *Id.* "Whether non-compliance with Rule 11(c)(2) may be excused is a fact-specific inquiry; where the violation is very minor, or where no prejudice results, the rule need not be enforced to the letter." *Anaqua, Inc. v. Schroeder*, CIV.A. 12-10710-FDS, 2013 WL 1412190, at *2 (D. Mass. 2013).

Had Plaintiff decided he wanted to avoid any possible exposure to Rule 11 sanctions, he could have simply dismissed the Complaint within 21 days of ARS filing the Motion. Had

Plaintiff dismissed the Complaint during that time period, there would have been no basis for the Court to grant Rule 11 sanctions, period. Simply stated, Plaintiff was not prejudiced by ARS's technical noncompliance with Rule 11(c)(2). That fact distinguishes the instant case from *Macort* in which defendant sought Rule 11 sanctions even though plaintiff moved to dismiss her case within a few days of defendant filing its Rule 11 motion. In that case, the failure to comply with the safe harbor requirements prejudiced plaintiff as she was not provided 21 days to decide whether to dismiss her claims.

Plaintiff in the instant case took no steps to avoid the exposure to Rule 11 sanctions. Hence, it is clear that Plaintiff "had no intention of withdrawing" the claims at which the Rule 11 motion was directed. *See*, *Evergreen,* 381 B.R. at 413. Therefore, Plaintiff suffered no prejudice by ARS's failure to strictly comply with the requirements of Rule 11(c)(2) and the Court was empowered to grant ARS sanctions if it determined they were appropriate. *See, Johnson ex rel. U.S. v. The Univ. of Rochester Med. Ctr.*, 715 F. Supp. 2d 427, 429 (W.D.N.Y. 2010), *aff'd sub nom. Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121 (2d Cir. 2011) ("strict compliance with Rule 11(c)(2) may be excused where a party has placed its opponent on written notice of its intent to seek sanctions, invoking Rule 11 and describing the deficiencies in the nonmovant's claims, and where the opponent had at least 21 days thereafter during which the claims could have been withdrawn.")

### Filing the Motion to Dismiss and for Attorney's Fees without complying with Rule 11(c)(2) did not violate  Rule 11

In his Motion for Rule 11 Sanctions, Plaintiff claims ARS and its counsel violated Rule 11 by filing the Motion without complying with Rule 11(c)(2). As demonstrated above, ample legal support exists for the proposition that technical compliance with Rule 11(c)(2)'s pre-filing

service requirement is not an absolute condition precedent filing a Rule 11 motion, as long as the non-moving party is afforded the 21-day safe harbor.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Lopez v. Yvette Pereyra Ans, M.D., P.A.*, 09-60734-CIV-COHN, 2010 WL 555918, at *1 (S.D. Fla. 2010), *citing Operating Eng'rs Pension Trust v. A–C Co.*, 859 F.2d 1336, 1344 (9th Cir.1988). Courts "must exercise extreme caution in sanctioning attorneys under Rule 11." *Larez v. Holcomb*, 16 F.3d 1513, 1522 (9th Cir. 1994). "In determining whether to impose sanctions, the district court determines 'whether the party's claims are objectively frivolous—in view of the facts or law.'" *Jackson v. Hall County Gov't, Georgia*, 568 Fed. Appx. 676, 679 (11th Cir. 2014) (unpublished).

There is no disputing that legal authority exists to support ARS's position that its lack of technical compliance with Rule 11(c)(2) was not fatal to its request for Rule 11 sanctions in the Motion to Dismiss. Given the fact that Plaintiff, with the consent of ARS, was permitted the requisite 21 days without being required to respond to the sanctions request, the full 21-day safe harbor period was provided to Plaintiff. Moreover, there is little doubt that Plaintiff had no intention of dismissing his claims based on the fact that he responded to the Motion to Dismiss and continues to litigate this case even in the face of the Court's Order determining as a matter of law Plaintiff's legal theory that "ARS attempted to collect a debt from him that it knew he did not owe, and suggested that he was responsible for paying the debt by sending the Debt Collection Letter to his residence" is contradicted by the letter itself. *See,* DE 24 at p. 5.

WHEREFORE Defendant respectfully requests an Order from this Honorable Court DENYING Plaintiff's Motion for Rule 11 Sanctions.

Respectfully submitted by:


By:     /s/ Dale T. Golden

**GOLDEN SCAZ GAGAIN, PLLC**
Dale T. Golden, Esquire
FBN:  0094080
201 North Armenia Avenue
Tampa, FL 33609
Phone:  813-251-5500
Email: dgolden@gsgfirm.com
Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of Court by using the CM/ECF system which will send notice to all counsel of record on this 13th day of October, 2016.

By:   <u>/s/ Dale T. Golden</u>
Dale T. Golden, Esquire